UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JEREMY JACKSON,                            CIVIL NO. 15-1854 (SRN/JSM)

    Petitioner,

v.                                          <u>REPORT AND RECOMMENDATION</u>

STATE OF MINNESOTA,

    Respondent.

JANIE S. MAYERON, United States Magistrate Judge

Petitioner Jeremy Jackson, a Minnesota state prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court for a preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Based on that review, this Court recommends that Jackson's petition be denied and that this action be dismissed.

Jackson was convicted in December 2007 on counts of first-degree murder and attempted first-degree murder, and he was sentenced to a term of life imprisonment. *See Jackson v. State*, 817 N.W.2d 717, 719 (Minn. 2012). Jackson's conviction was affirmed on direct appeal. *See State v. Jackson*, 770 N.W.2d 470 (Minn. 2009). Jackson later filed a petition for a writ of habeas corpus in this District, and a motion for post-conviction relief in state court, but both of these requests were denied. *See Jackson*, 817 N.W.2d at 719-24; *Jackson v. Symmes*, No. 09-CV-2946 (SRN/JSM), 2011 WL 1256617 (D. Minn. Apr. 4, 2011).

1

In his habeas petition,[1] Jackson argues that his trial counsel failed to provide effective assistance when he recommended that Jackson not accept a plea agreement offering a term of imprisonment ranging from 150 to 180 months. An in-depth analysis of Jackson's claim is not necessary, however, as his petition was clearly filed too late. Under 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Two of those provisions are inapplicable to this case, as (1) Jackson does not allege that there was ever any impediment to his seeking habeas relief; and (2) Jackson's claims are not predicated on any new factual discovery. The limitations period for

---

[1] Jackson does not identify his pending request for relief as a habeas petition. Because Jackson is being held pursuant to a state-court judgment, and because Jackson seeks to challenge that state-court judgment in this action, this Court construes Jackson's petition as seeking habeas relief under § 2254.

2

Jackson's habeas petition is therefore governed either by § 2244(d)(1)(A) or § 2244(d)(1)(C). In either case, though, Jackson's petition is untimely.

Under § 2244(d)(1)(A), Jackson was required to file his habeas petition within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." The Minnesota Supreme Court affirmed Jackson's conviction on August 6, 2009, and his conviction became final 90 days thereafter on November 4, 2009. *See Boston v. Weber*, 525 F.3d 622, 624 (8th Cir. 2008) ("When the state court of last resort enters a judgment in a direct criminal appeal and the petitioner does not seek a writ of certiorari, the judgment is final at the conclusion of the ninety days allowed by the Supreme Court for the filing of such a writ."). Accordingly, the one-year limitations period for Jackson to file a habeas petition under § 2254(d)(1)(A) expired on November 4, 2010. Jackson's pending petition, which was filed with the Court on March 27, 2015, is plainly too late under that provision.[2]

That said, Jackson brings his habeas claim pursuant to *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), in which the Supreme Court found that that defense counsel's ineffective assistance at the plea stage was an adequate basis for federal habeas relief. Assuming (for sake of argument) that *Lafler* announced a new rule of constitutional law made retroactive to cases on collateral review, § 2244(d)(1)(C) may have reopened the limitations period for Jackson to bring a habeas claim based on that putatively new

---

[2]   Although the filing of a motion for post-conviction relief in state court tolls the one-year limitations period, *see* 28 U.S.C. § 2244(d)(2), the filing of a federal habeas petition does not, *see Lee v. Norris*, 354 F.3d 846, 849 (8th Cir. 2004) (citing *Duncan v. Walker*, 533 U.S. 167, 181 (2001)). Accordingly, the filing of Jackson's first federal habeas petition on October 22, 2009, did not suspend or toll the operation of the statute of limitations.

rule.[3]   Still, even if § 2244(d)(1)(C) applies in this case, Jackson's petition is nevertheless untimely.  *Lafler* was decided on March 21, 2012.  At that time, Jackson's appeal of the denial of his state-court motion for post-conviction relief was pending, thus tolling the operation of any statute of limitations.  *See* 28 U.S.C. § 2244(d)(2).  The Minnesota Supreme Court affirmed the denial of that motion on August 1, 2012, and the limitations period under § 2244(d)(1)(C) began to run on that date.  That limitations period expired one year later on August 1, 2013.  Jackson's pending petition — which, again, was filed with the Court on March 27, 2015 — was therefore still too late, even if § 2244(d)(1)(C) applies in this case.  Because Jackson's habeas petition is plainly barred by the statute of limitations, this Court recommends that the petition be denied and that this action be dismissed.

Only one matter merits further comment:  A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a certificate of appealability ("COA").  *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).  A COA cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  In this case, it is highly unlikely that any other court, including the Eighth Circuit Court of Appeals, would treat Jackson's current habeas corpus petition differently than it is being treated here.  Jackson has not identified, and this Court cannot discern, anything novel, noteworthy or worrisome about this case that

---

[3]   The Eighth Circuit has already suggested, albeit in an unpublished opinion, that *Lafler* did *not* announce a new rule of constitutional law.  *See United States v. Echerivel*, 500 Fed. App'x 568, 569-70 (8th Cir. 2013) (per curiam).

warrants appellate review. It is therefore recommended that Jackson should not be granted a COA in this matter.

**RECOMMENDATION**

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY RECOMMENDED THAT:

1. The petition for a writ of habeas corpus of petitioner Jeremy Jackson [Docket No. 1] be DENIED.

2. This action be DISMISSED.

3. Jackson's application to proceed *in forma pauperis* [Docket No. 5] be DENIED.

4. No certificate of appealability be issued.

Dated:   April 27, 2015

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

**NOTICE**

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **May 11, 2015**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within fourteen days after service thereof. All briefs filed under this rule shall be limited to 3,500 words. A district judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Eighth Circuit Court of Appeals