# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Jeremy Jackson,<br><br>　　　　Petitioner,<br><br>v.<br><br>State of Minnesota,<br><br>　　　　Respondent. | Case No. 15-cv-1854 (SRN/JSM)<br><br>**ORDER** |

Jeremy Jackson, 225266, MCF, 5329 Osgood Ave N., Stillwater, MN 55082, Petitioner.

Lee W. Barry, III, Hennpin County Attorney's Office, 300 S. 6th Street, Suite A-2000, Minneapolis, MN 55487; Matthew Frank and James B. Early, Minnesota Attorney General's Office, 445 Minnesota Street, Suite 1800, St. Paul, MN 55101-2134, for Respondent.

SUSAN RICHARD NELSON, United States District Judge

## I.　　INTRODUCTION

　　This matter is before the Court on Plaintiff's Objections [Doc. No. 8] to United States Magistrate Judge Janie Mayeron's April 27, 2015, Report and Recommendation [Doc. No. 7]. Judge Mayeron recommended that the Court deny Plaintiff's petition for a writ of habeas corpus and that the Court dismiss this action. (See Report and Recommendation dated Apr. 27, 2015 ("R&R") at 1 [Doc. No. 7].) For the reasons set forth below, the Court adopts the Report and Recommendation.

## II.　　BACKGROUND

　　The factual and procedural background of Petitioner's case is well documented in the

Magistrate Judge's Report and Recommendation ("R&R") and is incorporated herein by reference.[1] Petitioner Jeremy Jackson ("Petitioner" or "Jackson") was convicted in December 2007 of (1) "first-degree murder committed for the benefit of a gang;" and (2) "attempted first-degree murder committed for the benefit of a gang." See Jackson v. State, 817 N.W.2d 717, 719 (Minn. 2012). As a result of these convictions, Petitioner was sentenced to a term of life imprisonment. See State v. Jackson, 770 N.W.2d 470, 477 (Minn. 2009). Jackson's conviction was affirmed by the Supreme Court of Minnesota on direct appeal. See id. at 486. Jackson later filed a petition for a writ of habeas corpus in this Court, which the Court denied. Jackson v. Symmes, No. 09-cv-2946 (SRN/JSM), 2011 WL 1256617, at *1 (D. Minn. Apr. 4, 2011). Petitioner also filed a motion for post-conviction relief in state court, which was also denied. See Jackson, 817 N.W.2d at 719.

On March 27, 2015, Jackson filed another habeas petition, challenging his underlying convictions for first-degree murder and attempted first-degree murder. (See Pet. at 1 [Doc. No. 1].) The Court notes that although Jackson does not identity his pending request for relief as a habeas petition, the Court construes Petitioner's request as such. Magistrate Judge Mayeron correctly noted that "[b]ecause Jackson is being held pursuant to a state-court judgment, and because Jackson seeks to challenge that state-court judgment in this action, . . . Jackson's petition [is properly construed] as seeking habeas relief under [28 U.S.C.] § 2254." (R&R at 2 n.1 [Doc. No. 7].) In his petition, Jackson contends that his trial counsel failed to provide effective assistance by

---

[1] The Court recites background facts only to the extent necessary to rule on Petitioner's objections.

recommending that Jackson not accept a plea agreement, which included a term of imprisonment ranging from 150 to 180 months. (See Pet. at 1 [Doc. No. 1].)

In the R&R, Magistrate Judge Mayeron recommended dismissing Jackson's petition because "his petition was clearly filed too late," pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d)(1). (See R&R at 2 [Doc. No. 7].) The magistrate judge explained that Jackson's claim was barred both by § 2244(d)(1)(A) and § 2244(d)(1)(C). (See id. at 3.) Additionally, Magistrate Judge Mayeron noted that the Petitioner was not entitled a certificate of appealability because he did not make "a substantial showing of the denial of a constitutional right." (Id. at 4 (citing 28 U.S.C. § 2253(c)(2)).) On May 13, 2015, Jackson filed Objections to the R&R [Doc. No. 8]. The Court discusses the merits of his Objections below.

### III.  DISCUSSION

#### A. Standard of Review

The district court reviews de novo those portions of the R&R to which a specific objection is made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); accord D. Minn. LR 72.2(b).

#### B. Petitioner's Objections

Petitioner raises a number of objections to the R&R. First, he contends that the Knaffla rule does not apply to "issues related to violations of a person[']s federal constitutional rights." (See Obj. at 1 [Doc. No. 8].) Second, Jackson argues that his ineffective assistance of counsel claim is valid because the United States Supreme

3

Court's holding in Lafler v. Cooper, 132 S. Ct. 1376 (2012), is retroactive. (See Obj. at 1–2 [Doc. No. 8].) And finally, liberally construing Petitioner's brief, he also appears to argue that he is entitled a certificate of appealability because he is constitutionally entitled to effective assistance of counsel. (See id. at 2.)

          **1. Knaffla Rule**

Petitioner objects to the magistrate judge's recommended dismissal of his case because he contends that the Knaffla rule does not apply. (See id. at 1.) The Knaffla rule states that if a criminal defendant has previously taken a direct appeal, "all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition [in state court] for post[-]conviction relief." State v. Knaffla, 243 N.W.2d 737, 741 (Minn. 1976). Therefore, the Knaffla rule is a procedural bar for petitions seeking relief in *state court* on unexhausted federal claims raised in habeas petitions. See French v. Smith, No. 15-cv-2337 (MJD/JSM), 2015 WL 4077726, at *3 n.4 (D. Minn. July 1, 20150.

As an initial matter, the Court notes that Magistrate Judge Mayeron did not invoke the Knaffla rule in the R&R. (See generally R&R [Doc. No. 7].) Regardless, if Petitioner is suggesting that the Minnesota Supreme Court misunderstood or misapplied the Knaffla rule in earlier proceedings, his argument is unavailing, because "[a] federal court may not re-examine a state court's interpretation and application of state law." Schleeper v. Groose, 36 F.3d 735, 737 (8th Cir. 1994). In Murray v. Hvass, 269 F.3d 896, 899 (8th Cir. 2001), cert. denied, 535 U.S. 935 (2002), the Eighth Circuit reiterated the long-standing principle that "it is not the province of a federal court to decide whether

a matter ought to be considered procedurally defaulted under state law." See Carney v. Fabian, 441 F. Supp. 2d 1014, 1026 (D. Minn. 2006) aff'd, 487 F.3d 1094 (8th Cir. 2007). Accordingly, Petitioner's objection based on the Knaffla rule is overruled.

### 2. Statute of Limitations

Petitioner also objects to the magistrate judge's recommended dismissal of his ineffective assistance of counsel claim as time-barred under the applicable statute of limitations. (See Obj. at 2 [Doc. No. 8].)

The Antiterrorism and Effective Death Penalty Act ("AEDPA") has a one-year statute of limitations for applications for a writ of habeas corpus by a person in state custody. 28 U.S.C. § 2244(d)(1). The one-year limitations period begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). However, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation." Id.

5

Additionally, "[u]nder the doctrine of equitable tolling, the AEDPA's statutory limitations period may be tolled if a petitioner can show that (1) he has been diligently pursuing his rights and (2) an extraordinary circumstance stood in his way." White v. Dingle, 616 F.3d 844, 847 (8th Cir. 2010) (citing Holland v. Florida, 560 U.S. 631, 649 (2010)). Because Jackson does not allege that (1) there was an impediment to seeking habeas relief (§ 2244(d)(1)(B)); or that (2) his claims are predicated on new factual discovery ((§ 2244(d)(1)(D)), Jackson's habeas petition is governed either by § 2244(d)(1)(A) or § 2244(d)(1)(C).

As Magistrate Judge Mayeron explained, the Minnesota Supreme Court affirmed Jackson's conviction on August 6, 2009, Jackson, 770 N.W.2d 470; and therefore, his conviction became final 90 days thereafter, on November 4, 2009. See Boston v. Weber, 525 F.3d 622, 624 (8th Cir. 2008) (finding that "[w]hen the state court of last resort enters a judgment in a direct criminal appeal and the petitioner does not seek a writ of certiorari, the judgment is final at the conclusion of the ninety days allowed by the Supreme Court for the filing of such a writ."). Accordingly, under § 2244(d)(1)(A), the one-year limitations period for Jackson to file a habeas petition expired on November 4, 2010.[2]

Petitioner does not argue that the magistrate judge's calculation of elapsed time was

---

[2] The Court notes that Magistrate Judge Mayeron correctly explained that "[a]lthough the filing of a motion for post-conviction relief in state court tolls the one-year limitations period, see 28 U.S.C. § 2244(d)(2), the filing of a federal habeas petition does not, see Lee v. Norris, 354 F.3d 846, 849 (8th Cir. 2003)." (See R&R at 3 n.2 [Doc. No. 7].) Therefore, the statute of limitations was not suspended or tolled when Jackson filed his first federal habeas petition on October 22, 2009.

incorrect under § 2244(d)(1)(A). Rather, Jackson asserts that, pursuant to § 2244(d)(1)(C), the one-year limitations period should run from the date on which the constitutional right to effective assistance of counsel for plea negotiations was recognized by the Supreme Court, and made retroactively applicable to cases on collateral review. (See generally Obj. [Doc. No. 8].) Insofar as Petitioner argues that Lafler v. Cooper, 132 S. Ct. 1376 (2012), and Missouri v. Frye, 132 S. Ct. 1399 (2012), apply retroactively, the Court finds that Jackson's petition still fails. In Lafler and Frye, the Supreme Court held that a defense counsel's ineffective assistance at the plea stage was an adequate basis for federal habeas relief. See Lafler, 132 S. Ct. at 1384–89; Frye, 132 S. Ct. at 1404.

Even assuming that the Supreme Court intended to announce a new, retroactive rule of constitutional law, Jackson's petition is nevertheless untimely. (See R&R at 3–4 [Doc. No. 7].) The Supreme Court decided both Lafler and Frye on March 21, 2012. At that time, Jackson's appeal of the denial of his state-court motion for post-conviction relief was pending, thus tolling the statute of limitations. See 28 U.S.C. § 2244(d)(2). The Minnesota Supreme Court affirmed the denial of that motion on August 1, 2012, and thus, the limitations period, under § 2244(d)(1)(C), began to run on that date. Therefore, the limitations period expired one year later on August 1, 2013. Accordingly, Jackson's current pending petition, which was filed on March 27, 2015, was untimely even if Lafler and Frye extended the limitations period, pursuant to § 2244(d)(1)(C).

The Court notes that it is not completely evident from Petitioner's Objections whether he believes Lafler and Frye announced a new, retroactive rule or simply applied an existing rule, from Strickland v. Washington, 466 U.S. 668 (1984), to a new set of

7

facts.  (See Obj. at 2 [Doc. No. 8].)  Insofar as Petitioner argues that Lafler and Frye did not announce a *new*, retroactive rule, the Court finds that Petitioner's claim is nonetheless time barred.  The Supreme Court decided Strickland on May 14, 1984.  Therefore, the latest date from which Jackson's one-year limitations period began to run was "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  As the Court explained above, Petitioner's conviction became final on November 4, 2009; and thus, the one-year statute of limitations period expired on November 4, 2010.

Petitioner also argues that, pursuant to Murray v. Carrier, 477 U.S. 478, 496 (1986), any type of procedural bar must be excused when a constitutional violation has resulted in a conviction.  (See Obj. at 1 [Doc. No. 8].)  The Court disagrees.  Murray does not stand for this proposition.  Rather, the Murray Court held that "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually *innocent*, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default."  Murray, 477 U.S. at 496.  Here, Petitioner does not allege that he is actually innocent.  Therefore, the Murray exception does not apply.

### 3. Certificate of Appealability

Finally, Petitioner appears to object to the magistrate judge's denial of a certificate of appealability ("COA").  A state prisoner may not appeal the denial of a 28 U.S.C. § 2254 habeas petition unless he is granted a COA.  See 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). To obtain a COA, a petitioner must make "a substantial showing of the denial

of a constitutional right." 28 U.S.C. § 2253(c)(2). A COA will not necessarily be granted simply because an appeal is pursued in good faith and raises a non-frivolous issue. Flieger v. Delo, 16 F.3d 878, 882 (8th Cir. 1994). Instead, the prisoner must satisfy a higher standard; he must show that the issues to be raised on appeal are "debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings." Id. at 882–83 (citing Lozada v. Deeds, 498 U.S. 430, 432 (1991)).

Magistrate Judge Mayeron correctly determined that Jackson failed to make a substantial showing of the denial of a constitutional right. Moreover, he has not raised a novel question of federal law. It is unlikely that another court, including the Eighth Circuit Court of Appeals, would rule on Petitioner's claims any differently than the Court has done so here. Therefore, appellate review is not warranted, and Petitioner is not entitled to a COA.

## IV. ORDER

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED THAT:**

1. Petitioner's Objections to Report and Recommendation [Doc. No. 8] are **OVERRULED**;

2. The Court **ADOPTS** the Magistrate Judge's Report and Recommendation [Doc. No. 7];

3. Petitioner's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus [Doc. No. 1] is **DISMISSED WITH PREJUDICE**; and

4. Petitioner's Application to Proceed in Forma Pauperis [Doc. No. 5] is **DENIED**; and

5. A certificate of appealability is **NOT GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  August 12, 2015          s/Susan Richard Nelson
                                 SUSAN RICHARD NELSON
                                 United States District Judge